RECEIVED
NOV 2 0 2011
TONY R. MOORE, CLERK
BY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 07-50088 |
| | CIVIL ACTION NO: 10-00055 |
| VERSUS | JUDGE DONALD E. WALTER |
| MARCUS A. ALEXANDER | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a petition by Marcus A. Alexander to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #35]. Alexander argues that his counsel, Peter R. Flowers ("Flowers"), failed to provide effective assistance of counsel for several reasons, one being Flowers' failure to file an appeal on his behalf. The Government opposes this petition. [Docs. # 50 and 53]. In addition to his habeas petition, Alexander filed a letter motion requesting leave to file an out-of-time appeal of his sentence. [Doc. #32]. In the same letter, Alexander requests that the Court appoint a lawyer to assist him.

Alexander pleaded guilty to possession of a firearm by a convicted felon. He cooperated with the government in another matter and ultimately received a downward departure resulting in a sentence five years below the mandatory minimum. Alexander alleges that he had a conversation with Flowers about filing an appeal of his sentence, but that Flowers told him that an appeal would not be successful because Alexander entered a guilty plea. [Doc. #32]. Alexander claims that he sent Flowers a letter asking him to file for "post conviction relief" but that Flowers declined to do so. [Doc. #32].

Flowers responded to Alexander's habeas petition by affidavit stating:

> Mr. Alexander's appellate options were limited due to his case being resolved in a plea. Any appeal to sentencing would be further limited by the fact that he received a downward departure five years below his mandatory minimum sentence. Therefore, I did not file an appeal in Mr. Alexander's case as I saw no appellate issues, nor did Mr. Alexander ever ask me to seek appeal of any issues in this case. In my opinion, any appeal filed in Mr. Alexander's case would have been frivolous and without merit.

[Doc. #53-1]. However, the Court notes that Flowers did not file an *Anders* brief to notify the Court that there were no meritorious arguments for appeal. *See Anders v. California*, 386 U.S. 738 (1967).

The Court is left with conflicting statements between Alexander and Flowers as to the content of their communications regarding the filing of an appeal. For this reason, and in lieu of an evidentiary hearing, **IT IS ORDERED** that Alexander's motion for an out-of-time appeal of his sentence [Doc. #32] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender's Office is appointed to assist in the filing of Alexander's appeal or, if appropriate, an *Anders* brief.

**IT IS FURTHER ORDERED** that Alexander's judgment of conviction dated February 9, 2009 [Doc. #30] is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare a new judgment of conviction identical to the original judgment entered in this case. Alexander and the Federal Public Defender's Office are hereby notified that the time for filing a notice of appeal from the re-imposed sentence is fourteen days from the date of the entry of judgment, pursuant to Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure.

Because the Court has granted Alexander's motion for an out-of-time appeal his petition to to Vacate Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITHOUT PREJUDICE** pending the outcome of the appeal.

Alexander's Letter Motion to Resubmit Records [Doc. #36] is **DENIED AS MOOT**.

**THUS DONE AND SIGNED**, this 29 day of November, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE